**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MUHAMAD ALY RIFAI | CRIMINAL NO.<br>5:22-cr-00390-JLS-1 |

**O R D E R**

**AND NOW**, this 17th day of October, 2025, upon consideration of Defendant's pending motions, the various responses thereto, and for the reasons set forth in the footnote below, it is hereby **ORDERED** as follows:

(1) "Pro Se Motion for Sanctions and Litigation Fees (Hyde Motion)," ECF No. 88, is **DENIED**;

(2) "Pro Se Motion for Expungement of Arrest and Court Record," ECF No. 89, is **DENIED**;

(3) "Pro Se Supplement to Hyde Motion," ECF No. 91, is **DENIED**;

(4) "Pro Se Motion for Reconsideration of the Honorable Court' Decision Allowing Extension," ECF No. 96, is **DENIED**;

(5) "Motion to Vacate Honorable Court Order of Extension," ECF No. 97, is **DENIED**;

(6) "Pro Se Motion to Preserve Records of Proceedings," ECF No. 100, is **DENIED**;

(7) "Motion to Unseal Grand Jury Transcripts," ECF No. 101, is **DENIED**;

(8) "Motion Seeking Clarification from the United States," ECF No. 102, is **DENIED**; and

(9) "Pro Se Motion for a Jury Trial," ECF No. 103, is **DENIED**.[1]

**BY THE COURT:**

*/s/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[1] This criminal case ended with a full acquittal on May 9, 2024. Since that time, the Defendant has filed several motions *pro se* seeking various forms of relief, including the repayment of his litigation expenses, expungement of records related to this criminal case, and release of underlying grand-jury testimony. The Court writes briefly to explain why those requests are denied.

Starting with the Hyde Amendment motion for an award of attorney's fees, the motion fails for multiple reasons. First, it was filed on February 11, 2025, well beyond the permissible time for seeking Hyde relief. *See United States v. Slaey*, 489 F. Supp. 2d 443, 445 (E.D. Pa. 2007) (noting that the Hyde Amendment incorporates the Equal Access to Justice Act's thirty-day filing limitation set forth at 28 U.S.C. § 2412(d)(1)(B)). This time limitation is important because a Hyde motion necessarily requires a detailed review of the events surrounding both the pretrial proceedings and the trial itself, and the difficulty of that task increases as excessive time passes.

Second, even if the Court undertook that review, the motion would clearly fail because the Government's prosecution was neither vexatious, frivolous, nor done in bad faith. *See generally* Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997); *United States v. Reyes-Romero*, 959 F.3d 80, 96-108 (3d Cir. 2020) (summarizing and applying Hyde Amendment standards). A prosecution is frivolous only if it is "groundless[,] with little prospect of success," or "foreclosed by binding precedent or [is] obviously wrong." *United States v. Manzo*, 712 F.3d 805, 810-11 (3d Cir. 2013) (internal citations omitted). It is vexatious only when it is "without reasonable or probable cause or excuse," and when the Government's conduct, viewed objectively, manifests "maliciousness or an intent to harass or annoy." *United States v. Manzo*, 712 F.3d 805, 810 (3d Cir. 2013). And "bad faith" demands proof of "the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Reyes-Romero*, 959 F.3d at 101-02 (citation omitted).

In this criminal case, the Government presented admissible evidence, culled from multiple independent sources, that withstood a Rule 29(a) motion for judgment of acquittal. It struck fair blows, not foul. At most, Defendant points to weaknesses in the Government's case, not to any legal or factual groundlessness. The Defendant's accusations impugning the Government's litigation strategy and motives simply do not support a finding of bad faith. For these reasons, the Hyde motion is denied.

---

As to the remaining motions, the Court concludes that they are equally devoid of merit. The Third Circuit has determined that federal courts have "jurisdiction over petitions for expungement in narrow circumstances: where the validity of the underlying criminal proceeding is challenged." *United States v. Rowlands*, 451 F.3d 173, 177 (3d Cir. 2006). Here, the Defendant challenges the seizure of certain evidence—which the Defendant never sought to suppress during trial—the procedures employed in collateral administrative proceedings, and various Government press statements. None of these challenges implicate the lawfulness of any arrest or the return of indictment itself. Absent any challenge going to the heart of the underlying proceedings, the Court lacks jurisdiction to entertain the Defendant's motion for expungement.

Finally, the Defendant's bid to pierce grand-jury secrecy is also denied. The Defendant invokes Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) and requests that the Court provide him with the all underlying grand-jury testimony. But because the Defendant was acquitted, Rule 6(e)(3)(E)(ii) no longer applies—there is simply no indictment to dismiss because the case is over.